# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KHALIED MOHAMMAD, | ) | |
|       Plaintiff, | ) | Case No. 2:15-cv-00016-APG-GWF |
| vs. | ) | **ORDER** |
| STEPHEN B. WOLFSON, | ) | |
|       Defendant. | ) | |

This matter is before the Court on Plaintiff Khalid Mohammad's Motion for Leave to Proceed *in forma pauperis* (#1).

## BACKGROUND

Plaintiff Khalid Mohammad alleges that Defendants Stephen B. Wolfson, the State of New Mexico, and Clark County, Nevada, conspired to falsely imprison the Plaintiff from January 30, 2012 to November 10, 2012.

## DISCUSSION

**I.  Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Prior Complaint

Plaintiff has previously brought similar claims before the Court. *See* 2:14-cv-01290-JCM-VCF. In the prior case, the Plaintiff claimed that the unnamed District Attorney, Public Defender, and Arresting Officer had caused him to be unlawfully imprisoned from January 30, 2012 to September 30, 2012. The Plaintiff's Complaint was dismissed without prejudice and with leave to amend on October 23, 2014. The Plaintiff failed to file an amended complaint, and the case was dismissed without prejudice on December 3, 2014.

Judge Mahan previously screened the Plaintiff's complaint for false imprisonment by analyzing his imprisonment as a pretrial detainee. *See* 2:14-cv-01290-JCM-VCF, #2. Judge Mahan detailed the law regarding pretrial detainees in the screening order:

> The Supreme Court has defined a pretrial detainee as a person who has been charged with a crime but who has not yet been tried on that charge. *Bell v. Wolfish*, 441 U.S. 520, 523 (1979). The Supreme Court has held that, to ensure this person's presence at trial, the government may legally incarcerate the individual prior to a determination of their guilt or innocence. *Id*. at 523, 534 n. 15; *see also* Nev. Rev. Stat. §§ 171.123, 171.1231. The Supreme Court has held that, in order to imprison a person prior to trial, the government must comply with constitutional requirements and statutory provisions. *Wolfish*, 441 U.S. at 534 n. 15.

2:14-cv-01290-JCM-VCF, #2, p. 5.

Plaintiff, in the prior action, alleged that he was unlawfully imprisoned because he was never brought to trial. He alleged no further facts that would support his claim. Judge Mahan found that the Plaintiff's complaint did not allege sufficient facts to state a claim because it did not provide enough details to determine if there was a violation of the Plaintiff's constitutional rights.

. . .

. . .

3

### IV. Instant Complaint

#### A. False Imprisonment

Plaintiff bases his claim in the instant action on his pre-trial detention. Plaintiff claims that the Defendants violated his fundamental right to freedom, due process, and liberty by imprisoning him without ever bringing him to trial. Plaintiff variously alleges that he was imprisoned from January 30, 2012 to September 10, 2012, or from January 30, 2012 to November 10, 2012. He alleges that the Defendants acted to imprison him as part of a scheme to deprive him of these interests. Plaintiff further claims that he "specifically notified WOLFSON, via legal mail, that the plaintiff is competant (sic) to stand trial and specically (sic) requested for transportation to court and a jury trial OR release from imprisonment." These facts are insufficient to state a claim for false imprisonment. Plaintiff alleges no facts to show that constitutional provisions were not complied with, and states no facts to indicate that his pre-trial detention was unlawful. He claims that, because he was not tried, his imprisonment was unconstitutional. Mere conclusory allegations are insufficient to state a claim. *Iqbal*, 129 S.Ct. at 1949. The Court will grant Plaintiff leave to amend his complaint to add more facts and determine if the Plaintiff can properly state a claim for false imprisonment.

#### B. Conspiracy

Plaintiff further alleges that the state of New Mexico and Clark County, Nevada are liable for "promulgating a scheme" that deprived the Plaintiff of his freedom. The Plaintiff alleges that these entities can be sued under the Monell Standard, referring to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). In order to properly state a claim for conspiracy, the Plaintiff must show "a meeting of the minds," or an agreement between the alleged conspirators to violate the Plaintiff's constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2003).

Plaintiff correctly alleges that a local governmental entity may be sued under Monell for claims arising under 42 U.S.C. § 1983. However, the Plaintiff alleges no further facts suggesting that a conspiracy actually existed. He offers no evidence of an agreement or a plan between the Defendants to deprive him of his liberties. Nothing in Plaintiff's complaint suggests any

connection between the State of New Mexico and the detention in Clark County, Nevada.  Mere conclusory allegations are insufficient to sustain a claim of conspiracy.  *See Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Lockary v. Kayfetz*, 587 F.Supp. 631, 639 (N.D. Cal. 1984).  The Court will therefore dismiss the Plaintiff's complaint with leave to amend, to allow the Plaintiff a final opportunity to present sufficient facts to state his claims.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend.  Plaintiff shall have until **July 6, 2015** to file an amended complaint correcting the noted deficiencies.

DATED this 4th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge